IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MIGUEL SANTOS<br>Wicomico County Detention Center<br>Salisbury, Maryland 21801 | * <br> <br>* | Civil Action No.: _____ |
| Plaintiff | * | |
| v. | * | |
| DEPUTY DAVID CROWELL<br>Individually and in his official capacity<br>as Deputy of the Wicomico County Sheriff's Department<br>401 Naylor Mill Road<br>Salisbury, Maryland 21801 | *<br><br>*<br><br>* | |
| Defendant | * | |

## COMPLAINT

Plaintiff, Miguel Santos, by and through his undersigned counsel, Luke A. Rommel, sues the above-captioned Defendant, and for causes of action against same states as follows:

### NATURE OF THE CASE

1. This action is brought by the Plaintiff, Miguel Santos, who was pulled from behind, slammed face-first to the pavement, and subsequently beaten, drive-stunned, and punched in the face, for no lawful reason, or reasonable purpose, by Wicomico County Sheriff's Deputy David Crowell (hereinafter "Crowell"). The force used by Crowell was so severe that it fractured Santos' wrist and vertebrae, and has left him permanently injured. There was no lawful, reasonable or apparent reason for the gratuitous, vindictive and excessive use of police force that was inflicted upon Santos by Crowell.

2. The incident occurred on the night of January 3, 2015, as part of a routine traffic stop. It is captured, in pertinent part, on surveillance video. At 20:44:29, Santos declines to take

1

a preliminary breath test as part of a drinking and driving investigation. Santos gradually takes 1-2 steps away from Crowell. Crowell then becomes angry and grabs hold of Santos from behind, detains him by force, and pins him up against his police vehicle. Santos resists the force used by Crowell at this time, and does not submit (objectively, or to Crowell's satisfaction) by not allowing Crowell to immediately handcuff him. Although Santos does not resist at any point thereafter, or pose any threat of danger, Crowell then slams Santos face-first to the pavement, the impact of which fractures Defendant's L1 vertebrae and wrist. Crowell then gets on top of Santos and punches him in the face and drive-stuns him in the back. Santos was not resisting in any way when this excessive police force was applied by Crowell. Mr. Santos' claims, in pertinent part, are brought under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4. On July 14, 2015, a criminal jury trial (Case No. 22-K-15-000232) was held in the Circuit Court for Wicomico County on the underlying criminal and traffic charges related to this incident. Santos was found not guilty of Assault – Second Degree, and was acquitted of a charge of Disorderly Conduct/Breach of Public Peace at the conclusion of the State's case. The charges of Assault of Law Enforcement Officer and Fleeing and Eluding Uniformed Police were dismissed by the State shortly before trial. Santos was found guilty of Alcoholic Beverage Intox/Endanger, Resisting/Interfering with Arrest, Failure to Obey a Lawful Order, and a number of underlying traffic charges, including Driving Under the Influence of Alcohol.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C §§ 1331, 1332, 1343 and 1367, as well as, principles of supplemental and pendant jurisdiction. Venue is appropriate in this Court pursuant to 28 U.S.C § 1391.

6. The causes of action alleged herein arise from factual allegations occurring in this judicial district. Upon information and belief, Santos and the named individual Defendant reside in this District.

7. The amount in controversy exceeds $75,000.00.

## PARTIES

8. Plaintiff, Miguel Santos, is a currently resident of Salisbury, Maryland.

9. Defendant, David Crowell, is an individual, who upon information and belief, resides in Wicomico County, Maryland. The conduct of Crowell stands in violation of the Fourth and Fourteenth Amendments of the Constitution, as well as clearly established law.

10. Mr. Santos has complied with the Local Government Tort Claims Act by providing timely notice on May 5, 2015, to the Wicomico County Executive.

## FACTS COMMON TO ALL COUNTS

11. The incident occurred on or about January 3, 2015, in the parking lot of the Exxon Station at 500 S. Salisbury Blvd. Shortly after the stop, Crowell suspected that Mr. Santos was under the influence of alcohol. Crowell instructed Santos to perform a preliminary breath test, which he declined. Santos took 1-2 slow steps away from Crowell to show he did not want to take the preliminary breath test. Crowell was angered and pulled Santos from behind and pinned him up against his police car. A brief struggle ensued where Mr. Santos did not submit to Crowell and allow himself to be handcuffed. Mr. Santos, without posing any objective force or threat of force to anyone, was then pile-driven to the ground by Deputy Crowell, and had his wrist and back fractured.

12. After Mr. Santos had his back fractured, Deputy Crowell got on top of him and continued to punch him in the face, and drive-stun him with his taser. Mr. Santos was also

stunned with a taser after his back and wrist were fractured. The use of force was grossly excessive, and has caused severe and permanent injuries to Mr. Santos.

13. Mr. Santos has been physically, economically and emotionally damaged by the incident. As a result of Crowell's conduct, Mr. Santos was hospitalized and suffered the above-referenced fractures, as well and bruising, swelling and lacerations, head injuries, emotional anguish, loss of reputation, loss of income, and other damages.

### COUNT I - VIOLATION OF 42 U.S.C. § 1983

14. Mr. Santos incorporates herein by reference all of the allegations of Paragraphs 1 through 13 above, as fully as if said allegations had been repeated at length herein.

15. In committing the acts complained of herein, Crowell deprived Mr. Santos of constitutionally protected rights under the Fourth Amendment to the United States Constitution, including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right to be free from excessive force or threat of force by persons under the color of law; and d) the right to be free from false arrest.

16. At all relevant times, Mr. Santos had constitutional rights under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures and excessive force, including being slammed to the ground, drive-stunned and punched in the face by a law enforcement officer for no objectively reasonable reason.

17. Crowell's use of force, or threat of force, against Mr. Santos, was excessive, intentional, and objectively unreasonable in light of the facts and circumstances confronting them. The conduct applied by Crowell was gratuitous and grossly disproportionate to any real or perceived risk.

18. As a direct and proximate result of Crowell's actions, Mr. Santos was harmed and suffered, and continues to suffer and incur both economic and non-economic damages. Mr. Santos has suffered general and special damages as alleged in this Complaint, and is entitled to relief under 42 U.S.C § 1983.

19. The conduct of Crowell was intentional, reckless, malicious and/or callously indifferent to the rights of Mr. Santos, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein. After the incident, Sheriff Mike Lewis of the Wicomico County Sheriff's Department publically stated, on behalf of Crowell, that "deadly force would have been justified." This statement is a hysterical and objectively unreasonable response to this incident.

WHEREFORE, Plaintiff, Miguel Santos, demands judgment for the damages and violation of his constitutional rights against Defendant, for actual general, special and compensatory damages, in an amount not less than ($75,000.00), plus punitive damages, plus the costs of this action, including attorneys' fees and expenses, and such other relief as the nature of his cause and principles of justice may require.

### COUNT II - VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C § 1983
### USE OF EXCESSIVE FORCE

20. Plaintiff incorporates herein by reference all of the allegations of Paragraphs 1 through 19 above, as fully as if said allegations had been repeated at length herein.

21. Crowell has adopted and used policies, procedures, practices and customs within their jurisdiction that has allowed, among other things, the use of excessive force or threat of force, when more reasonable and less drastic methods were available, or no action was necessary at all. Crowell's unreasonable use of force, or threat of force, has systemically and disproportionately been applied to Mr. Santos.

22. The actions of Crowell amount to deliberate indifference to the rights of Mr. Santos to be free of excessive force and unreasonable seizures of the Fourth Amendment to the United States Constitution.

23. As a result of the deliberate indifference to Mr. Santos' rights by Crowell, Mr. Santos suffered personal injuries and other damages, and is entitled to relief under 42 U.S.C § 1983.

WHEREFORE, Plaintiff, Miguel Santos, demands judgment for the damages and violation of his constitutional rights against Defendant, for actual general, special and compensatory damages in an amount not less than ($75,000.00), plus punitive damages, plus the costs of this action, including attorneys' fees and expenses, and such other relief as the nature of his cause and principles of justice may require.

## COUNT III - CIVIL ASSAULT

24. Plaintiff, Miguel Santos, incorporates herein by reference, all of the allegations of Paragraphs 1 through 23 above, as fully as if said allegations had been repeated at length herein.

25. Crowell's conduct and unlawful and excessive use of force against Mr. Santos constituted an intentional touching of Mr. Santos, which resulted in the offensive, non-consensual touching of Mr. Santos by Crowell, and was undertaken deliberately and with actual malice.

26. As a result of Crowell's conduct, Mr. Santos has suffered damages, including, but not limited to a fractured wrist, a fractured vertebrae, pain and suffering, physical injuries, bruising and lacerations, humiliation, mental distress, and economic losses.

27. Crowell's use of force against Mr. Santos was motivated by Mr. Santos' lawful decision to refuse to take a preliminary breath test, and was not necessary or reasonable, in light of any perceived threat posed by Santos.

WHEREFORE, Plaintiff, Miguel Santos, demands judgment for the damages and violation of his constitutional rights against David Crowell, for actual general, special and compensatory damages in an amount not less than Seventy-Five Thousand Dollars ($75,000.00), plus punitive damages, plus the costs of this action, including attorneys' fees and expenses and such other relief, as the nature of their cause and principles of justice may require.

### PRAYERS FOR RELIEF

WHEREFORE, the above premises considered Plaintiff demands:

1. That process issue to Defendant, and that he be required to answer in the time allowed by law.

2. That judgment be rendered in favor of Plaintiff, and against the Defendant, on all causes of action asserted herein.

3. That Plaintiff be awarded punitive damages against the Defendant.

4. That Plaintiff be awarded the reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C § 1988 (b) and (c).

5. That Plaintiff receives other further and general relief to it may appear he is entitled.

6. A jury for the trial of this matter.

Date: December 22, 2015

_____
Luke A. Rommel, Esquire
(Federal Bar #16949)
lrommel@otwayrusso.com
108 West Main Street, Suite 2B
Salisbury, Maryland 21801
Telephone 410-749-3900
Facsimile 410-749-8577
*Attorney for Plaintiff*

7