UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

March 17, 2016

MEMORANDUM TO COUNSEL RE:	Miguel Santos v. Deputy David Crowell
	Civil Action No. GLR-15-3907

Dear Counsel:

      Pending before the Court is Defendant's, Deputy David Crowell ("Deputy Crowell"), Motion to Dismiss or to Bifurcate (ECF No. 7).  The Court, having reviewed the Motion and the parties' briefs, finds no hearing necessary.  See Local Rule 105.6 (D.Md. 2014).  For the reasons that follow, the Motion to Dismiss will be granted and the Motion to Bifurcate will be denied as moot.

      On January 3, 3015, Deputy Crowell, a deputy of the Wicomico County, Maryland Sheriff's Department, performed a routine traffic stop of Plaintiff Miguel Santos in Salisbury, Maryland.  Shortly after the stop, Deputy Crowell suspected that Santos might be driving under the influence of alcohol.  After Santos exited his vehicle, Deputy Crowell asked Santos to submit to a breath test, but Santos declined and stepped away.  Deputy Crowell then grabbed Santos and pinned him against Deputy Crowell's police vehicle.  A brief struggle ensued in which Santos did not submit to being handcuffed.  The struggle concluded when Deputy Crowell slammed Santos to the ground and discharged his taser.  Santos suffered fractures in his back and wrist.  Later that year, a jury sitting in the Circuit Court for Wicomico County found Santos guilty of resisting arrest, failure to obey a lawful order, and a number of traffic offenses, including driving under the influence of alcohol.  The jury found Santos not guilty of second degree assault and disorderly conduct.

      Santos initiated this suit on December 22, 2015, bringing three claims against Deputy Crowell in his individual and official capacities: (1) violations of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution under 42 U.S.C. § 1983 (2012) for unreasonable seizure, excessive use of force, and denial of due process (Count I); (2) violation of the Eighth Amendment under 42 U.S.C. § 1983 for excessive use of force (Count II); and (3) assault (Count III).  On January 26, 2016, Deputy Crowell filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] or to Bifurcate pursuant to Rule 42 (ECF No. 7).  Santos filed his Response and Opposition on February 2, 2016 (ECF No. 12), and Deputy Crowell submitted his Reply on February 3, 2016 (ECF No. 13).  The Motion is ripe for disposition.

      A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 555 U.S. at 556).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 555).  In considering a Rule

---

[1] Deputy Crowell moves to dismiss only Counts I and II.  He argues that Count III should not be dismissed, but rather should be reclassified as a battery claim.  Santos, however, has not moved for leave to amend his assault claim.

12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Deputy Crowell argues that the Court must dismiss Count I against Deputy Crowell in his official capacity. The Court agrees. To prevail on a § 1983 claim, a plaintiff must demonstrate a deprivation of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation was committed by a "person" acting under color of state law. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Deputy sheriffs are state officials. Rucker v. Harford Cty., 558 A.2d 399, 407 (Md. 1989). Accordingly, because Deputy Crowell is a deputy sheriff, the Court will dismiss Count I against him in his official capacity.

Deputy Crowell next argues that the Court must dismiss Count II in its entirety because Santos does not allege that Deputy Crowell is a policymaker for Wicomico County. The Court agrees. Although states are not "persons" under § 1983, local governments are. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690 (1978). Local governments, however, are only liable under § 1983 if they cause a deprivation through an official policy or custom. Id. at 694. It appears that Santos attempts to bring a Monell claim against Deputy Crowell. He alleges that "Crowell has adopted and used policies, procedures, practices and customs within their [sic] jurisdiction that has [sic] allowed, among other things, the use of excessive force or threat of force." (Compl. ¶ 21, ECF No. 1). A Monell claim is inappropriate against Deputy Crowell, however, because he is not a local government entity. The appropriate manner in which to sue Deputy Crowell is through a § 1983 individual capacity suit, which is precisely what Santos does in Count I. Thus, the Court will grant Deputy Crowell's Motion to Dismiss as to Count II.[2]

Based on the foregoing reasons, Deputy Crowell's Motion to Dismiss (ECF No. 7) is GRANTED and his Motion to Bifurcate (ECF No. 7) is DENIED AS MOOT. Count I is DISMISSED against Deputy Crowell in his official capacity and Count II is DISMISSED in its entirety. Deputy Crowell shall file his Answer within fourteen days of the date of this memorandum. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
_____
George L. Russell, III
United States District Judge

---

[2] Deputy Crowell argues that if the Court denies his Motion to Dismiss as to Count II, the Court should bifurcate Count II from the other claims. Because the Court will dismiss Count II, however, it will deny Deputy Crowell's Motion to Bifurcate (ECF No. 7) as moot.